BRYAN W. CANNON, #0561
CANNON LAW ASSOCIATES
Attorney for Plaintiff
8619 S. Sandy Parkway, Ste. 111
Sandy, UT 84070
Telephone: (801) 255-7475
Facsimile:  (801) 255-7526
File No.

# IN THE UNITED SATES BANKRUPTCY COURT

# CENTRAL DIVISION, DISTRICT OF UTAH

_____

|  |  |  |
|---|---|---|
| IN RE: | : | |
|  | : | Case No. 10-20994 |
| EDGAR ROJOS | : | |
| VERONICA ROJAS, | : | Chapter 7 |
|  | : | JUDGE  Joel T. Marker |
|  | : | |
| Debtor. | : | **FILE ELECTRONICALLY** |
|  | : | |

_____

**MOTION FOR Citicorp Trust Bank, fsb FOR TERMINATION
OF THE AUTOMATIC STAY**
(Objection Deadline:  April 20, 2011)

_____

Pursuant to 11 U.S.C. §362(d), Bankruptcy Rules 4001 and 9014 and Local Rules 4001-1 and 9013-1, Citicorp Trust Bank, fsb, a secured creditor of the above-reference debtor(s), moves the Court to terminate the automatic stay and represents as follows:

1.    On or about December 27, 2005 , the debtor(s) executed and delivered to Steven

frm/not2sub.frm

R. Bailey, as trustee, for the benefit of Citicorp Trust Bank, fsb, as beneficiary, a certain Deed of Trust (the "Trust Deed") to secure the performance by the debtor(s) of the obligations under a certain Trust Deed Note (the "Note") executed and delivered for valuable consideration to Citicorp Trust Bank, fsb on or about December 27, 2005.  Further described as:

LOT 14, CASA LA MESA 1, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 112 OF MAPS, PAGE 9.

Copies of the Trust Deed and Note are attached as Exhibit "A" and "B".

2. The Trust Deed created a valid security interest in the property described in the Trust Deed (the "Property") in favor of Creditor.

3. The obligation evidenced by the Trust Deed and Note is delinquent in that, as of the date upon which the debtor's petition was filed, payments were delinquent. The debtor(s) is/are due for monthly payments in the amount of $1,019.28 from August, September, October, November, December 2010, January, February and March 2011 .

4. The debtor (s) do/does not have any equity in the Property and the Property is not necessary for an effective reorganization.  The Creditor is owed $8,264.70 plus $700.00 in attorney fees.

5. The debtor(s) has/have failed to provide Creditor with adequate protection of its

frm/not2sub.frm

      interest in the Property.

6. The debtor's failure to make the payments due to Creditor constitutes cause for terminating the automatic stay.

7. The automatic stay provided under 11 U.S.C. §362(a) should be terminated as to Creditor, and its successors and assigns. Once the stay is terminated, Creditor may proceed, pursuant to applicable non-bankruptcy law, to exercise all of its legal remedies and rights, including any right of assessment of reasonable fees and costs as provided by contract or statute, against the above-described property. In the alternative, the debtor should be ordered to provide Creditor with adequate protection of its interest in the Property.

DATED this _____ day of April, 2011.

                                    /s/ Bryan W. Cannon
                                  BRYAN W. CANNON
                                  Attorney for Plaintiff

**MAILING CERTIFICATE**

I do hereby declare that I caused to be mailed a true and correct copy of the foregoing,

MOTION FOR Citicorp Trust Bank, fsb FOR TERMINATION OF THE AUTOMATIC STAY

postage prepaid, this _____ day of April, 2011 to the following:

Edgar Rojas
Veronica Rojas
3636 West 1050 North
Layton, UT 84041

Steven R. Bailey
ECF

United States Trustee
ECF

Craig Helgesen
by Helgesen Waterfall and Jones
ECF

_____

frm/not2sub.frm